1
2
3
4
5                       **UNITED STATES DISTRICT COURT**

6                          **DISTRICT OF NEVADA**

7

8    IVAN GOLDSMITH; et al,                    2:12-cv-0490-LDG-CWH

9          Plaintiffs,

10   v.                                        ORDER

11   JAMES D. SILL, et al.,

12         Defendants.

13

14          Defendants James Sill, Matthew J. Sill, Sill & Medley, PLLC, and Finkelstein Thompson,

15   LLP, have brought a motion for summary judgment (#46, response #49, reply #52, errata #53). A

16   grant of summary judgment is appropriate only where the moving party has demonstrated through

17   "the pleadings, the discovery and disclosure materials on file, and any affidavits" that there is no

18   genuine issue of material fact. Fed. R. Civ. P. 56©; Anderson v. Liberty Lobby, 477 U.S. 242,

19   248 (1986). All justifiable inferences must be viewed in the light most favorable to the non-

20   moving party. County of Tuolumne v. Sonora Cmty. Hosp., 236 F.3d 1148, 1154 (9th Cir. 2001).

21   The moving party bears the initial burden of showing the absence of a genuine issue of material

22   fact. Fairbank v. Wunderman Cato Johnson, 212 F.3d 528, 531 (9th Cir. 2000). The burden then

23   shifts to the non-moving party to go beyond the pleadings and set forth specific facts

24   demonstrating there is a genuine issue for trial. Id. The party opposing summary judgment "must

25   cite to the record in support of the allegations made in the pleadings to demonstrate that a genuine

26   controversy requiring adjudication by a trier of fact exists." Taybron v. City & County of San

1  Francisco, 341 F.3d 957, 960 (9th Cir. 2003).  If the non-moving party meets its burden, summary

2  judgment must be denied. Fed. R. Civ. P. 56 ( c).  Celotex Corp. v. Catrett, 477 U.S. 317, 324

3  (1986).

4        Defendants contend that plaintiffs cannot prove the essential elements of causation and

5  damages, at least one of which is necessary to plaintiffs' legal malpractice, breach of fiduciary

6  duty, breach of contract, fraud and conspiracy claims.  In their motion for summary judgment,

7  defendants argue extensively that Goldsmith abandoned his individual claim by opting into the

8  Garcia class action settlement, and releasing his claims against Allergan.  Thus, according to

9  defendants, since Goldsmith chose not to prosecute and individual action against Allergan, he

10  cannot show that any act or omission of defendants caused him damage, or that any act or

11  omission by defendants caused a viable individual claim against Allergan to fail.

12        Goldsmith argues, however, that it is not what defendants did during the Allergan litigation

13  that caused him to lose his individual claim, but what they did during the litigation to cause him to

14  think, for an extended time, that he had a viable claim.  Thus, as plaintiffs argue, this is not the

15  typical attorney malpractice case in which the failure to act or advise in a professional manner

16  caused the loss of a case; but rather, as plaintiffs put it:

17        In this case, Dr. Goldsmith is claiming that *at best*, the defendants negligently withheld
      information material to Dr. Goldsmith's decision to pursue or abstain from a given course

18        of action and that the defendants should be liable for the losses suffered as a result of the
      action taken without benefit of the undisclosed information.  This undisclosed information

19        was critical in allowing Dr. Goldsmith to make an informed decision as to whether to
      proceed as an individual capacity plaintiff, class representative (or member in a class

20        action suit), or as a paid expert/consultant in order to be fairly compensated for his time
      and effort devoted to the underlying Allergan case.

21

22  Opposition to Motion for Summary Judgment, #49 at 21-22 (emphasis in the original).

23        In fact, in their opposition, plaintiffs model their greatest amount of loss as coming from

24  consulting fees which could have been earned had defendants correctly communicated

25  Goldsmith's various options to him–those of maintaining an individual action, remaining a

26  representative and member of the class action suit against Allergan, or becoming a paid consultant

2

to defendants regarding the Allergan, and related, litigation.  The court also notes that key to plaintiffs' theory is so long as Goldsmith thought that he had an individual action defendants could profit by receiving Goldsmith's professional advice rather than pay him as a consultant.

The court finds, accordingly, that genuine issues of fact remain with respect to the claims challenged by defendants.  Therefore,

THE COURT HEREBY ORDERS that defendants' motion for summary judgment (#46) is DENIED.

DATED this _____ day of March, 2015.

_____
Lloyd D. George
United States District Judge

3